

RECEIVED
5/18/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br> MYLER DISABILITY, LLC, <br> BRAD MYLER aka BRADFORD D MYLER, <br> OWNER OF WEBSITE BWXHW.PICS, <br> OWNER OF WEBSITE KUQGDU.US, <br> OWNER OF WEBSITE EDLCO.CO, and <br> OWNER OF WEBSITE KIRQZX.US, <br><br> *Defendants*. | Case No. **1:22-cv-02642** <br> **Judge Andrea R. Wood** <br> **Magistrate Judge M. David Weisman** <br> **RANDOM** <br> COMPLAINT FOR DAMAGES <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Myler Disability, LLC and Brad Myler also known as Bradford D Myler, Owner of website BWXHW.PICS, Owner of website KUQGDU.US, Owner of EDLCO.CO, and Owner of website KIRQZX.US (collectively "Defendants") and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection

1

Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. "In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020). The TCPA's prohibition on robocalls includes sending automated text messages. Id. n.1 (citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14115 (2003)); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016), as revised (Feb. 9, 2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a "call" within the compass of § 227(b)(1)(A)(iii).

3. One thing is for certain, this telemarketer is good, very sneaky, and smart. But these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants are being fictitiously named here because its true name is not yet known. Plaintiff has reasonably inquired as to their identity and has been unable to identify the true indispensable party. The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and service of the allegedly responsible entity.

4. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

5. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to do so, to solicit business, specifically, services such as Social Security Disability representation and car loans.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendants as they regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.

8. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

10. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

11. Defendant Myler Disability LLC is a Utah LLC, with a registered agent of Bradford D Myler, located at 758 E Utah Valley Dr Ste 100 American Fork, UT 84003, and a Manager of Brad Myler.

12. Defendant Brad Myler, also known as Bradford Myler, is the manager of Myler Disabilty LLC, and is located at the same address as Myler Disability LLC.

13. Defendant OWNER OF WEBSITE BWXHW.PICS, is a ficticious entity placeholder. A subpoena will be sought seeking the domain registrar to produce their identity and the party will be substituted following discovery of their identity.

14. Defendant OWNER OF WEBSITE KUQGDU.US, is a ficticious entity placeholder. A subpoena will be sought seeking the domain registrar to produce their identity and the party will be substituted following discovery of their identity.

15. Defendant OWNER OF WEBSITE EDLCO.CO, is a ficticious entity placeholder. A subpoena will be sought seeking the domain registrar to produce their identity and the party will be substituted following discovery of their identity.

16. Defendant OWNER OF WEBSITE KIRQZX.US, is a ficticious entity placeholder. A subpoena will be sought seeking the domain registrar to produce their identity and the party will be substituted following discovery of their identity.

17. Fictitious defendants identified above are engaging in illegal telemarketing calls and texts. They may be an LLC or other company, or an individual and a substitution of parties will occur once their identity is ascertained.

18. Defendants are a person as defined by 47 U.S.C. § 153(39).

19. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

20. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express written consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

21. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

22. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

23. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

24. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:
[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

25. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

26. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

27. The TCPA's implementing regulations require that telemarketers identify who they are calling on behalf of. 47 C.F.R. § 64.1200(d)(4).

28. The TCPA's command for a private right of action at times causes Defendants to imagine a world where the law "limits the right to sue under the TCPA to those who are ignorant of their right to sue under the TCPA." *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d. 1187, 1196 (M.D. Tenn. 2017).

## FACTUAL ALLEGATIONS

29. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

30. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

31. Plaintiff is the account holder and customary user of his phone number.

32. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

33. Plaintiff registered his phone number on the Do Not Call Registry in order to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

34. References to a call from Defendant refers to a call or text from one or more Defendants, working individually or in concert, or a call made by its affiliate, partner, or other entity having the authority to market services Defendant sells.

35. In sending the unsolicited text messages at issue, Defendants, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, and that

substantively identical texts were sent to multiple recipients, which is consistent with the use of an automatic telephone dialing system to send text messages.

36. The Defendants in this case are engaging with a lead provider and outside vendor which is sending unsolicited, unconsented to texts en masse to Plaintiff. Plaintiff believes all Defendants share a common lead generator.

37. **Call 1.** On or about February 5, 2022, at 11:24 PM, Chicago time, Plaintiff received a text message from one or more Defendants, from 361-229-0194.

38. The text message contained Plaintiff's name, followed by a previous address he resided at, followed by a link that utilizes link shortening and link forwarding. The short link begins with http://edlco.co.

39. At the time of the text message being received, Plaintiff was able to navigate to the link, and went to a website of https://championsautoloan.com.

40. The Champions Auto Loan website identified above provides a telephone number of (401) 648-9484 and an address of "25, Jericho Turnpike, Floral park, New York."

41. A Google search of the telephone number above identifies a Google Maps listing of Speedway Auto Loan with the same address as the Champions Auto Loan website.

42. Notwithstanding the above information Plaintiff, following research, has been unable to find a legal entity with that name, further demonstrating the knowingly and willful nature of the TCPA violations.

43. **Call 2.** On or about April 5, 2022, at 4:42 PM, Chicago time, Plaintiff received a text message from one or more Defendants, from 330-459-1099.

44. The text message contained Plaintiff's name, followed by a previous address he resided at, followed by a link that utilizes link shortening and link forwarding. The short link begins with https://kirqzx.us.

45. As of this filing, the link provided in the April 5, 2022 text message no longer exists, and goes to a webpage which states "kirqzx.us is a branded short domain."

46. **Call 3.** On or about April 18, 2022, at 1:22 PM, Chicago time, Plaintiff received a text message from one or more Defendants, from 518-409-3262.

47. The text message contained Plaintiff's name, followed by a previous address he resided at, followed by a link that utilizes link shortening and link forwarding. The short link begins with https://kuqgdu.us/.

48. As of this filing, the link provided in the April 18, 2022 text message no longer exists, and goes to a webpage which states "kuqgdu.us is a branded short domain."

49. **Call 4.** On or about May 3, 2022, at 1:57 PM Chicago time, Plaintiff received a text message from one or more Defendants, from 980-318-8098.

50. The text message contained Plaintiff's name, followed by a previous address he resided at, followed by a link that utilizes link shortening and link forwarding. The short link begins with http://bwxhw.pics.

51. The domain http://bwxhw.pics is registered with the domain registrar PorkBun.com.

52. Plaintiff alleges that the link used to send the text messages is set to expire after a set time period in order to attempt to evade TCPA liability.

53. When Plaintiff clicks on the link, a website with name "Disability Match" appears. The website contains two buttons which state "SUBMIT NOW" and "UNSUBSCRIBE."

54. Plaintiff has never subscribed to a website named Disability Match or provided consent to be texted by Disability Match.

55. To identify the entity behind Disability Match, Plaintiff clicked "SUBMIT NOW."

56. After clicking SUBMIT NOW, Plaintiff is provided a web form, that contains some information concerning Plaintiff, along with some incorrect information that was autofilled.

57. Plaintiff changed the information so as to provide a telephone number of "0" and a different e-mail, and pressed NEXT. Plaintiff checked a "I agree on Terms and Condition" box.

58. Plaintiff was then redirected to a different website, which asked several qualifying questions. At the footer of that website, Myler Disability LLC is identified as the sole "Participating Attorney [sic]."

59. Myler Disability is a Social Security disability advocate who assists consumers that qualify to receive disability benefits.

60. Part of Myler Disability's marketing plan includes sending text messages en masse to consumers that are looking to receive disability benefits.

61. The text messages are solicitations, as Myler Disability is advertising to potential clients their services in exchange for a percentage of the client's social security disability compensation.

62. The text messages that are sent by, or on behalf of Myler Disability are sent using an autodialer without the necessary prior express written consent that is required.

63. The text messages that are sent by, or on behalf of Myler Disability are sent using an autodialer without the necessary prior express written consent that is required.

64. Plaintiff brings this action against all Defendants in one case because upon information and belief all Defendants are using the same lead provider, call center, or entity making the texts. This is based upon all the texts being exactly the same except for the link provided. Plaintiff alleges direct and vicarious liability against each Defendant.

65. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, including car loan services and disability services.

66. Defendants masked their telephone number to not reveal its true telephone number.

67. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity in the text messages, and using rotating domain name links.

68. Defendants' texts utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

69. Defendants did not have any consent to call Plaintiff.

70. Defendants are not an organization exempt from the TCPA.

71. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

72. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

73. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

74. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

75. The impersonal and generic nature of Defendants' call demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

76. In total, Defendants and/or its affiliates placed at least four (4) telephone solicitation calls to Plaintiff.

77. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

78. Defendants have a pattern and/or practice of failing to comply with the TCPA.

79. The foregoing acts and omissions were in violation of the TCPA.

80. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

81. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

82. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

83. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

84. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

85. Plaintiff is also entitled to an award of costs.

86. Defendants' calls were not made for "emergency purposes."

87. Defendants' calls to Plaintiff were made without any prior express written consent.

88. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

89. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

90. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

91. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

92. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

93. To the extent Defendants, outsourced its illegal robocalling to other entities, such as the owners of the shortened link websites, the party for which the call or text was made is still liable under the TCPA.

94. On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make

enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

95. The May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. At 6587 n. 107.

96. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id. At 6593.

97. The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

98. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id*. at 6587 n.107.

99. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

100. Defendants hired, permitted, and enjoyed the benefits of the mass robotexting.

101. Defendants are not permitted under the law to outsource and contract their way out of liability by directing and benefitting from unlawful calls being sent by another party.

102. The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." Id. at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶ 46).

103. For the counts identified below, Defendant Myler Disability LLC and Brad Myler is liable under Count 1 for being the party for which at least one solicitation text was made utilizing an ATDS (Call 4).

104. For the counts identified below, all Defendants except for Myler Disability LLC and Brad Myler, are liable under all counts for being the party for which at least one solicitation text was made utilizing an ATDS.

105. Plaintiff intends to join any party which caused the telemarketing texts to be made, either by sending it themselves, or by being the entity for which the promotional content was intended to be advertised.

106. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

<u>Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)</u>

107. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

108. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

109. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

110. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.**
<u>Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)</u>

111. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

112. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

15

113. Defendants called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

114. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

115. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

### COUNT 3.
<u>Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)</u>

116. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

117. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

118. Defendants violated this provision by not providing sufficient information in the text messages so as to identify Defendants.

119. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the four (4) texts Plaintiff received.

120. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $14,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Statutory damages of $500 per violation of the TCPA's implementing regulations, 47 C.F.R. § 64.1200(d)(4);

I. Leave to amend this Complaint to conform to the evidence presented at trial; and

J. Any other relief this Court deems proper.

Respectfully submitted,

Dated: May 18, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582